## WOLFER v. NORTHEAST AIRLINES, Inc.

No. 71-2994.

Small Claims Court, Dade County.

December 3, 1971.

David H. Levine, Miami, for plaintiff.

Richard J. Thornton of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendant.

JAMES S. RAINWATER, Judge.

This cause came on for hearing before the undersigned judge, pursuant to due notice. After hearing the testimony and argument of counsel, and after considering all evidence introduced in the cause, I make and enter the findings of fact, conclusions of law and final judgment hereinafter set forth.

*Findings of fact:* On June 8, 1970, the minor plaintiff, Neal Wolfer, presented himself at the Northeast Airlines ticket counter at Kennedy International Airport, New York City, preparatory to returning to Miami, on Northeast flight no. 23. Defendant's special service agent, Mary Ann McGuiness, was performing her function of assisting passengers in clearing the line at the ticket counter. She approached Wolfer, who was accompanied by a young lady (his cousin), and asked them if they had their tickets and had checked their bags. If so, she would have told them that they could go immediately to the gate and board the aircraft. Thereupon, Wolfer stated, "I don't need any bags to highjack the plane." Miss McGuiness responded by saying, "That was a very stupid statement to make." When the young lady with Wolfer said, "What did you say?" Wolfer repeated the above-quoted statement. Thereafter, Miss McGuiness informed her supervisor, Mr. Weiss, who met Wolfer at the gate. Miss McGuiness pointed him out. Weiss advised Wolfer that he could not board the flight for which he was ticketed.

Upon being refused passage, Wolfer attempted to return to Miami on a National Airlines flight. However, National would not honor his excursion ticket. Being unable to return to Miami that night, he stayed with his aunt in New York and was successful in obtaining passage on a Northeast flight the next day.

Neither Miss McGuiness, nor her supervisor, Mr. Weiss, reported the incident to the police or other security personnel. Northeast determined, on its own initiative, that Wolfer would be permitted to return to Miami on one of its flights on the following day. However, Northeast would not honor Wolfer's excursion ticket. As a result, Wolfer claims the difference between his dishonored excursion ticket and regular ticket used the next day, such difference being in the sum of $16, plus the cost of the excursion ticket itself in the sum of $76, telephone calls to his parents in the sum of $10, loss of one day's work in Miami, in the sum of $13, and taxi cab fare in the sum of $7, making a total claim of $122. The elements of damage claimed are based on the opening statement of counsel,

their being a total absence of evidence, by testimony or otherwise, supporting such figures. However, Northeast defends on the principle with regard to liability and does not contest the damages claimed. Nevertheless, I find that even if there were liability, plaintiff could recover only the difference between an excursion ticket and a regular ticket in the sum of $16, and that the cost of the excursion ticket in the sum of $76 would have to be deducted from the claim. Thus, if damages were recoverable in this cause, the amount thereof would be in the sum of $46.

Wolfer testified that his statement to Miss McGuiness was to the effect that she had nothing to worry about and that he was not highjacking her plane. However, he also stated, "My words were in a joking manner." It is singularly inappropriate for one to suggest that the negative statement, "I am not highjacking the airplane" needs support by characterizing the same as a jest. Thus, I find that Wolfer made a statement to Miss McGuiness which she reasonably interpreted as a highjacking threat. Indeed, the plaintiff admits that Miss McGuiness acted properly in reporting Wolfer's statement to her superior and that Mr. Weiss acted properly in removing plaintiff from the flight. (See transcript of proceedings, page 22.)

The applicable tariff (defendant's exhibit 2) authorizes an airline to refuse transportation to passengers who might pose a threat to flight safety. I have reviewed, without objection, defendant's exhibits numbered 3 and 4, constituting certain congressional materials regarding aircraft piracy. I have no hesitancy in concluding that aircraft highjacking, including express or implied threats thereof, pose a serious problem to the public in general and to air carriers in particular, and their passengers. Jokes on the subject away from the terminal are of questionable taste. There is no such thing as a joke on the subject in a carrier's ticket line or on board an aircraft. Such jokes are the equivalent of shouting "fire" in a crowded auditorium, and may reasonably be interpreted as presenting a clear and present threat to safety of the flight. In any case, the comic must accept reasonable consequences flowing from the exercise of such abysmal judgment.

*Conclusions of law:* Accordingly, I find that Northeast Airlines acted reasonably under the circumstances extant and that plaintiff is not entitled to recover any portion of the damages claimed.

*Final judgment:* Final judgment is entered in favor of defendant and against plaintiff. Plaintiff shall take nothing by his complaint and defendant shall go hence without day. Defendant shall recover its costs, if any, to be taxed on appropriate motion.